**BENTUBO v. BOSTON & M. R. R.**

Civil Action No. 5250.

District Court, D. Massachusetts.

June 25, 1946.

Edmund J. Brandon, U. S. Atty., and William T. McCarthy and Jackson J. Holtz, Asst. U. S. Attys., all of Boston, Mass., for plaintiff.

John DeCourcy, of Boston, Mass., for defendant.

FORD, District Judge.

This action by William Bentubo against the Boston & Maine Railroad arises under Section 8 (e) of the Selective Training and Service Act of 1940, as amended, 54 Stat. 890, 50 U.S.C.A.Appendix, § 308 (e) (hereinafter referred to as the Act), to compel the respondent to reemploy the petitioner in his position as yard foreman and to pay damages caused by the respondent's failure to reemploy the petitioner.

The respondent contends that the petitioner is not entitled to the benefits of the Act due to the fact that he voluntarily terminated his employment with the respondent by submitting his written resignation and thus did not leave his position in order to perform training and service in the armed forces as required by the Act.

The facts, as stipulated by the parties and supplemented by findings of the court, are as follows:

The petitioner entered the employ of the respondent railroad on July 17, 1934, as a car cleaner. In July, 1941, he became a yard helper, and in February, 1943, he was qualified for and promoted to the position of yard foreman.

On August 22, 1941, the petitioner was classified as 3–A by his local Selective Service Board; on March 21, 1944, classified 2–A; May 17, 1944, classified 2–B; August 1, 1944, classified 1–A. The foregoing classifications as applicable herein, had the following meanings: 3–A, dependency deferment; 2–A, occupational deferment on the ground that registrant was engaged "in support of the war effort"; 2–B, "deferred in war production" (Third Annual Report of the Director of Selective

Service 1934-1944, page 65); 1–A, available for military service.

On August 1, 1944, the petitioner filed an application for voluntary induction with his local Selective Service Board. On August 10, 1944, the petitioner took his pre-induction physical examination and was found qualified for general military service. In spite of a request for reconsideration by the respondent, the Local Board, on August 16, 1944, continued the petitioner in 1–A.

Shortly thereafter the petitioner asked the respondent's general yard foreman for a release. The petitioner thought this necessary in order that his application for voluntary induction be accepted. He was refused the release and told that the only way he could get into the armed forces was to resign and lose his rights.

On August 24, 1944, the petitioner wrote out and gave the following to the respondent's general yard foreman, who accepted the same:

"August 24, 1944

"Mr. B. W. Switzer:

"I hereby tender my resignation, effective at once, as yard foreman.

"William Bentubo."

It is stipulated by the parties that it was Bentubo's desire at that time to become available for induction.

On August 24, 1944, the respondent sent the following letter to Local Board No. 45:

"Gentlemen:

"This is to advise that William Bentubo, O/N 3546-V, has resigned his job as of this date to enter military service, thus severing all relations with this company.

"I hereby withdraw my appeal to the Board of Appeals dated August 18, 1944.

"Very truly yours,
"Richard W. Hall,
"Chief of Personnel."

The petitioner was thereafter ordered to report for induction and on September 4, 1944, was inducted under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., and assigned to duty in the United States Navy. He served continuously therein until honorably discharged on February 7, 1946.

On February 9, 1946, the petitioner applied for reinstatement in his former position with the respondent, being qualified to perform the duties of that position, and on the same day his application was denied by the respondent on the ground that he was not an employee of the respondent when called for induction into the armed forces.

The petitioner brought this action on April 16, 1946. It is stipulated that the pay on a yard foreman's job is now and during the time material hereto was $10.34 per day, based on a working week of seven days.

Evidence was introduced which showed that the petitioner went to work about March 1, 1946, as a taxi-cab driver and continued at this until about May 10, 1946. This was a six-day a week job paying between $5 and $6 a day. He has not been employed since May 10, 1946.

Upon consideration of the evidence, I find that the petitioner left his position with the respondent in order to perform training and service under the Selective Training and Service Act of 1940, as amended, and is thus entitled to the benefits of that Act. The fact that the petitioner resigned in order to join the armed forces would not deprive him of the benefits of the Act. See Hayes v. Boston & Maine Railroad, 66 F.Supp. 371.

Conclusions of Law.

The respondent shall reemploy the petitioner in the position of yard foreman; also it will pay as damages the wages the petitioner would have earned from the time of his application for reemployment up to the date of reemployment, with allowance in favor of the respondent of the petitioner's earnings during this period. Section 8(e) of the Act.

The parties will make the computation as to damages and submit it to this court for approval.